UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL GOLODNER,                  :
    Plaintiff,                 :
V.                                : Case No. 3:09-CV-1510(RNC)
STEPHEN J. MARKOWSKI, et al.,     :
    Defendants.                :

RULING AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against employees of the Connecticut Department of Social Services. He claims that the defendants violated his rights under the Fourth Amendment when they subpoenaed records pertaining to his financial affairs from two financial institutions without legal justification. The defendants have moved to dismiss the action on the ground that the complaint fails to state a claim on which relief can be granted. I agree and therefore grant the motion.

I. Background

In August 2008, the defendants issued subpoenas duces tecum to officials of the Bank of America in East Hartford, Connecticut, and Citi Smith Barney in Hartford, Connecticut, calling on them to produce for inspection and copying all financial records in their possession pertaining to the plaintiff. The Department of Social Services is authorized by state statute to subpoena financial records pertaining to anyone

who has applied for services from the Department. See Conn. Gen. Stat. § 17b-137. Both financial institutions complied with the subpoenas without giving notice to the plaintiff or obtaining his consent. The defendants then read and copied the financial records. The plaintiff alleges that the defendants had no legal justification for their actions. He seeks damages for financial loss and emotional distress.

II. Discussion

To state a claim for relief under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, violated rights guaranteed to the plaintiff under federal law. To withstand a motion to dismiss, a complaint must contain specific factual allegations sufficient to support a plausible claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The plaintiff's complaint fails to meet this standard.

The plaintiff contends that he had a constitutionally protected privacy interest in the financial records retained by the Bank of America and Citi Smith Barney. His claim is foreclosed by the decision of the United States Supreme Court in United States v. Miller, 425 U.S. 435 (1976), which establishes that a customer of a bank has no Fourth Amendment interest in bank records relating to his account.

In Miller, the defendant moved to suppress copies of bank records obtained by means of allegedly defective grand jury

subpoenas served on two banks at which he had accounts.  Like the plaintiff here, the defendant claimed that the subpoenas violated his Fourth Amendment right against unreasonable searches and seizures.  The Court held that the defendant lacked a Fourth Amendment interest in the records maintained by the banks.  See 425 U.S. at 440, 446.

As the Court explained, "'no interest legitimately protected by the Fourth Amendment' is implicated by governmental investigative activities unless there is an intrusion into a zone of privacy, into 'the security a man relies upon when he places himself or his property within a constitutionally protected area.'"  Id. at 440 (quoting Hoffa v. United States, 385 U.S. 293, 301-02 (1966)).  The subpoenas did not implicate the Fourth Amendment because the defendant did not have a legitimate expectation of privacy in the contents of the documents retained by the banks.  See id. at 442.  The documents contained information voluntarily conveyed to the banks and exposed to the banks' employees in the ordinary course of business.  The defendant, in revealing the information to the banks' employees, took the risk that it would be conveyed by the banks to the Government.  See id. at 443.  The fact that the records had been turned over by the banks without notice to the defendant was "without legal consequences."  Id. at 443 n.5.

The plaintiff asserts that Miller does not provide a basis for dismissing the complaint.  See Pl.'s Mem. at 5.  His argument

seems to be that the holding in <u>Miller</u> applies only to motions to suppress in criminal cases. The scope of the Court's decision in <u>Miller</u> is not so limited. The Court unambiguously held that the defendant had no Fourth Amendment interest in the bank records. That holding applies to all Fourth Amendment claims regardless of the particular context in which the claim is made.[1]

The facts alleged here are encompassed by the holding in <u>Miller</u>. There is no allegation that the records at issue differ from the ones in <u>Miller</u>, that the plaintiff had a possessory interest in the records, or that the information contained in the records was not voluntarily conveyed by the plaintiff to the financial institutions. Such allegations would be implausible in any event. Because the holding in <u>Miller</u> governs, the complaint fails to state a Fourth Amendment claim on which relief can be granted.[2]

---

[1] Plaintiff cites a footnote in <u>In re McVane v. FDIC</u>, 44 F.3d 1127, 1140 and n.2 (2d Cir. 1995), for the proposition that people have a constitutionally protected privacy interest in their financial records in the hands of third parties. See Pl.'s Mem. at 5. The footnote does not support such a sweeping proposition. In fact, it recognizes that under the holding in <u>Miller</u>, a bank customer cannot assert a privacy interest in records held by the bank.

[2] In addition to the Fourth Amendment, the plaintiff cites the First and Fifth Amendments, but his reliance on these constitutional provisions also is unavailing. He has not stated a plausible First Amendment claim because he does not allege that his freedom of association has been impaired. See <u>NAACP v. Alabama</u>, 357 U.S. 449, 460-61 (1958). And he has not stated a plausible Fifth Amendment claim because he does not allege that he was forced to make a disclosure under duress. See <u>Fisher v. United States</u>, 425 U.S. 391, 401 (1976).

III. Conclusion

Accordingly, the motion to dismiss is hereby granted. The Clerk may enter judgment and close the case.

So ordered this 5th day of October 2010.

                                               /s/
                                    Robert N. Chatigny
                           United States District Judge